IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



| | |
|---|---|
| CHARLES R. GIBSON, JR., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-03-3745 |
| § | |
| LT. GERALD FOBBS AND § | |
| LT. CHRISTOPHER HOWETH, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

Charles R. Gibson, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ), proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983 against TDCJ correctional officers Lt. Gerald Fobbs and Lt. Christopher Howeth, claiming that their use of excessive force violated his rights under the Eighth Amendment and the Americans with Disabilities Act. (Docket Entries No. 12, 14.) The complaint will be dismissed for failure to state a claim on which relief may be granted.

**I. PLAINTIFF'S ALLEGATIONS**

Plaintiff asserts that he is a TDCJ psychiatric patient under medical treatment for schizophrenia, paranoia, impulse and anger disorders, and related mental conditions. He asserts that on December 13, 2001, while housed in administrative segregation, defendants Fobb and Howeth restrained and temporarily removed him so his cell could be searched. Plaintiff saw them searching his property, and became "agitated" and "paranoid" because he

thought they were throwing out his legal papers. (Docket Entry No. 14.) After the search was completed, and as defendants were returning plaintiff to his cell, he began complaining about their actions. Defendants allegedly threw him to the floor and began hitting him, ordering him to "stop resisting." (*Id.*) Defendants then took him to the infirmary, where he was examined and released without treatment. Plaintiff concedes that he was subsequently found guilty of a disciplinary charge for assaulting the staff officers. (Docket Entry No. 12, question #38.) He does not state that this disciplinary conviction was reversed or otherwise set aside.

Plaintiff seeks compensatory damages against defendants for their use of excessive force. He also claims that their use of excessive force violated his rights under the Americans with Disabilities Act (ADA), 42 U.S.C. §§12131-32, "by reason of the plaintiff's paranoia which was induced by a known mental disorder and impairment which was aggravated by the conduct of the defendants." (Docket Entry No. 14.) Plaintiff asserts that defendants knew or should have known of his mental conditions, and that their actions violated prison policies protecting "special needs" inmates. (Docket Entry No. 12, question 44.) Last, plaintiff seeks redress for assault and battery under state law.

## II. LEGAL ANALYSIS

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court must evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A claim is frivolous if it lacks an arguable basis in law or in fact. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

### A.     Bar by *Heck* and *Balisok*

As plaintiff admits that he received a disciplinary conviction arising from the same action of which he now complains, and the record does not show that the conviction was reversed or set aside, his claims are barred. *See Edwards v. Balisok*, 520 U.S. 641, 648-49 (1997); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Hainze v. Richards*, 207 F.3d 795, 798-99 (5th Cir. 2000). Therefore, his excessive force claims are frivolous and are dismissed with prejudice. *See Sappington v. Bartee*, 195 F.3d 234 (5th Cir. 1999). Moreover, even if the claims were not barred, they are without merit and fail to state a claim, as shown below.

### B.     Excessive Force Claim

To prevail on an Eighth Amendment excessive force claim, an inmate must establish that the force was not applied in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm, and that injury resulted. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

The *Hudson* Court enumerated several factors that are relevant to an Eighth Amendment claim concerning use of force: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of the forceful response. *Id.* The Court recognized that the Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of force, provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Id.* at 9-10. The amount of force that is constitutionally permissible must be judged in the context in which that force is deployed. *Id.* at 9. *See also Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997).

In his pleadings, plaintiff claims as physical injuries from the use of force temporary swelling, "bumps," pain, bruising, and headaches. (Docket Entries No, 12, question 33; No. 14.) He admits that he was examined after the use of force, and released without any medical treatment. Plaintiff has not stated an Eighth Amendment claim because his injuries were de minimis, and because he has not shown that the force used was "repugnant to the conscience of mankind." *See Baldwin v. Stalder*, 137 F.3d 836, 838-39 (5th Cir. 1998). Plaintiff's resulting injuries are clearly de minimis and the force which caused them, if the result of any action of defendants, was de minimis as well. *See Siglar*, 112 F.3d at 193. Further, his claim that defendants violated prison policies protecting "special needs" inmates fails to state a constitutional claim. *Galloway v. State of Louisiana*, 817 F.2d 1154, 1157 (5th Cir. 1987); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Plaintiff's

excessive force claims lack an arguable basis in law or in fact, are frivolous, and are dismissed. *Neitzke v. Williams*, 490 U.S. 319 (1989).

### C.   ADA Claim

Plaintiff's claim for violation of his rights under the ADA likewise lacks an arguable basis in law or in fact. Plaintiff alleges that defendants denied him his "right to be free from being denied benefits of the services, programs and activities of a public entity by reason of his mental disabilities." (Docket Entry No. 14, p. 1.) A disabled plaintiff can succeed in an action under Title II of the ADA if he can show that, by reason of his disability, he was either "excluded from participation in or denied the benefits of the services, programs, or activities of a public entity," or was otherwise "subjected to discrimination by any such entity" because of his disability. 42 U.S.C. § 12132. Plaintiff's pleadings fail to demonstrate that on December 13, 2001, defendants denied him any prison services, programs, or activities, or discriminated against him, and that such denial or discrimination was by reason of his mental disability. *See, e.g., Davidson v. Texas Dept. of Criminal Justice*, 91 Fed. Appx. 963 (5th Cir. 2004); *Joyce v. Travis County*, 88 Fed. Appx. 717, 718 (5th Cir. 2004). Plaintiff's allegations are nothing more than a reformulation of his excessive force claim, and are dismissed for failure to state a claim.

### D.   Ancillary Claims

Plaintiff additionally alleges that defendants violated various state law provisions. Under 28 U.S.C. § 1367(c)(3), a federal court may decline to exercise supplemental jurisdiction over state law claims where the district court has dismissed all claims over which

it has original jurisdiction. Because plaintiff's federal claims are dismissed, the Court declines to exercise jurisdiction over whatever state law claims he might have.

### III. CONCLUSION

Plaintiff's claims are frivolous because they have no legal or factual basis. *Talib*, 138 F.3d at 213. His complaint is **DISMISSED** with prejudice as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915A; *Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998).

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on this the 11the day of April, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE